UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BENITO VASQUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>KITSAP COUNTY, KITSAP COUNTY TRANSIT, AMALGAMATED TRANSIT UNION LOCAL 1384, ATU LOCAL 1384, President - Dave Plummer, Vice-president Jerry Felton, Recording Secretary - Chuck Graham, Financial Secretary - Karen Stites, Assistant Business Manager - Mike Powell, Shop Steward - Mac McClard, Shop Steward - Charlie Ely, Shop Steward - Mark Dawson, Shop Steward - Joyce Peel, Jim Sellars, Charlie Higgins, Dennis Coleman and JOHN DOES's (actual names unknown),<br><br>  Defendants. | Case No. C05-5359FDB<br><br>ORDER GRANTING KITSAP COUNTY'S MOTION FOR DISMISSAL |

This case concerns allegations of a hostile work environment. Among other things, Plaintiff Vasques alleges that he was physically assaulted by some of the individual defendants. None of the individual defendants or other defendants were employed by or affiliated with Kitsap County at the time of the incidents alleged in the Complaint. (Endresen Aff., ¶ 3.) Defendant Kitsap County moves for its dismissal for several reasons.

ORDER - 1

First, the Complaint contains no allegations against Kitsap County.

Second, Kitsap County is a separate and distinct municipal corporation from Kitsap Transit. Kitsap County is a political subdivision of the State and a municipal corporation and is governed by three elected county commissioners. Kitsap Transit is a municipal corporation governed by the elected officials of the cities within Kitsap County and the three Kitsap County Commissioners, and when members of the governing body are acting in their capacity as members of the Kitsap Transit Board, they are the legal agents and representatives of Kitsap Transit, not their respective cities or counties.

Third, Kitsap County was not properly served by delivering copies of the summons and complaint to the Chair of the Kitsap County Board of Commissioners or to the Kitsap County Auditor. Vasquez, instead, delivered the summons and complaint to the offices of the Kitsap County Commissioners, which is invalid. *See Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir. 1988), *citing* 2 J. Moore & J. Lucas, *supra* ¶ 4.30, at 4-251 (2d ed. 1986).

Fourth, Vasquez failed to comply with the claim filing procedure of RCW 4.96.020, which is mandatory, and which requires that claims for damages be presented to the governing body of the local government entity, in this case, the Board of County Commissioners. Thus, any causes of action for violation of state law must be dismissed.

Fifth, no charge of discrimination has been filed against Kitsap County with either the EEOC or the Washington State Human Rights Commission. Vasquez having failed to exhaust his administrative remedies, any claims that Kitsap County discriminated against Vasquez based on sex must be dismissed.

Plaintiff points to the fact that the Kitsap County Commissioners are members of the Kitsap Transit Board, and he contends that this lawsuit's issues are with the Kitsap County Commissioners. Plaintiff contends that his delivery of summons and complaint was sufficient, and he believes that the jury trial he has requested will establish his claim for damages in this court.

ORDER - 2

1  Plaintiff's response, however, is insufficient to rebut the arguments of Defendant Kitsap
2  County. For the reasons set forth above, and as further elaborated in Defendant Kitsap County's
3  memorandum, Plaintiff's causes of action against Kitsap County must be dismissed.
4  ACCORDINGLY, IT IS ORDERED: Kitsap County's Motion for Dismissal [Dkt. # 29] is
5  GRANTED and Kitsap County is DISMISSED from this cause of action.
6  DATED this 16th day of December, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3