UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BENITO VASQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>KITSAP COUNTY, KITSAP COUNTY TRANSIT, AMALGAMATED TRANSIT UNION LOCAL 1384, ATU LOCAL 1384 President, Dave Plummer, Vice-President Jerry Felton, Recording Secretary Chuck Graham, Financial Secretary Karen Sites, Assistant Business Manager Mike Powell, Shop Steward Mac McClard, Shop Steward Charlie Ely, Shop Steward Mark Dawson, Shop Steward Joyce Peel, Jim Sellers, Charlie Higgins, Dennis Coleman and JOHN DOE'S (actual names unknown),<br><br>    Defendants. | Case No. 05-5359<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

    This matter comes before the Court on Defendants' motions to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P, 12(b) and 12(h). After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motions and dismisses Plaintiff's case for the reasons stated below.

ORDER - 1

## INTRODUCTION AND BACKGROUND

This pro se lawsuit arises from two alleged physical attacks upon Benito Vasquez, a bus driver for defendant Kitsap Transit, by three co-workers Jim Sellers, Charlie Higgins and Dennis Coleman in June 2002 and November 2003.  On June 2, 2005, Plaintiff Benito Vasquez filed a complaint in this Court alleging Title VII claims against Kitsap Transit, and a variety of state law claims against the union to which he belongs, a number of union officials, and three co-workers.  The Complaint contains seven causes of action, five of which are state law claims.  Vasquez's state law claims against co-workers Sellers and Higgins are based on an alleged June 2002 assault and battery (first and second cause of action).  Vasquez's state law assault and battery claims against co-worker Coleman are based on the alleged November 2003 assault (third cause of action).  The claims against the Amalgamated Transit Union Local 1384 (hereafter, referred to as ATU) and the nine individual ATU defendants, Dave Plummer, Jerry Felton, Chuck Graham, Karen Stiles, Mike Powell, Mac McClard, Charlie Ely, Mark Dawson and Joyce Peel (hereafter, the ATU and individual defendants are collectively referred to as "ATU defendants") derive from Vasquez's allegations that the ATU did not assist him with representation after the alleged assaults by the co-worker defendants. Although set forth as two claims (the fourth and sixth cause of action), they allege a single cause of action for breach of a state law duty of fair representation.  The only federal causes of action are two claims brought solely against defendant Kitsap Transit.  The fifth cause of action, entitled "Intentional Interference With Employment Relations," and the seventh cause of action, entitled "Violations Of The Civil Rights Act Hostile Work Environment Created Or Permitted By Supervisor," allege Vasquez was treated in a hostile fashion after complaining about sexual harassment.  Plaintiff asserts this discrimination made working conditions so difficult as to constitute a hostile working environment in violation of Title VII, 42 U.S.C. § 2000.

Vasquez filed a "Charge of Discrimination" in November 2004 with the Equal Employment Opportunity Commission.  The EEOC charge contains a single allegation of "Retaliation" based on

ORDER - 2

Vasquez's internal complaint that female co-workers were being sexually harassed. The charge names only his employer Kitsap Transit  There is no mention in the charge of the alleged assaults by co-workers or of the ATU's failure to fairly represent Vasquez. The EEOC dismissed the charge in a letter dated March 4, 2005.

On August 5, 2005 Vasquez mailed a copy of the summons and complaint to "Kitsap County Transit" in care of Richard Hays at Kitsap Transit's business address in Bremerton, Washington. Vasquez enclosed a form summons, court-confirmed copy of the complaint, and a document entitled, "Notice & Acknowledgment of Receipt of Petition" The Notice indicated that it was served "pursuant to Rule 4(c)(2)(ii) of the Federal Rules of Civil Procedure" and stated that the recipient was required to sign and date the acknowledgment and return it within 20 days to the court or else face the costs of service. Kitsap Transit did not sign or return the notice and acknowledgment of receipt. Kitsap Transit filed a limited Notice of Appearance on August 19, 2005, in which it expressly preserved its defenses to personal jurisdiction, insufficiency of process and insufficiency of service of process. Kitsap Transit now moves this Court for dismissal of Vasquez's claims for insufficiency of service of process.

The co-worker defendants Sellers, Higgins and Coleman move for dismissal on the grounds that (a) Kitsap Transit's dismissal will eliminate federal court jurisdiction, (b) there is a lack of common nucleus of operative facts among the state law claims and the Title VII claim to sustain supplemental jurisdiction, and (c) the claims against Sellers and Higgins are barred by the statute of limitations.

The ATU defendants move for dismissal on the basis that (a) Vasquez failed to exhaust administrative remedies, (b) there is a lack of common nucleus of operative facts among the state law claims and the Title VII claim to sustain supplemental jurisdiction, (c) Vasquez fails to state a claim against the individual ATU defendants, and (d) the court lacks personal jurisdiction over the individual ATU defendants on the basis of the lack of service of process.

ORDER - 3

## KITSAP TRANSIT - PERSONAL JURISDICTION

Kitsap Transit seeks dismissal on the basis of ineffective service of process. "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986). Under Fed. R. Civ. P. 4(m) the district court must dismiss an action if the defendant is not served with copies of the summons and the complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made. Fed. R. Civ. P. 4(j) provides that service upon a local governmental entity "shall be effectuated by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Vasquez has failed to personally serve Kitsap Transit by delivering a copy of the summons and complaint to the chief executive officer of Kitsap Transit. Nor has Vasquez complied with Washington law providing for personal service on local government entities. See, RCW 4.28.080(9). Vasquez's attempt at serving Kitsap Transit consisted of mailing copy of a summons and complaint to Kitsap County Transit c/o Richard Hayes. This mailing was accompanied with a "Notice & Acknowledgment of Receipt of Petition." Thus, it appears that Vasquez was seeking a waiver of personal service pursuant to Fed. R. Civ. P. 4(d). As a governmental entity, however, Kitsap Transit is not subject to the waiver of service provisions. See, Fed. R. Civ. P. 4(d)(2). Further, even were Kitsap Transit subject to the waiver provisions, if a waiver is not obtained, service shall be effected pursuant to local law or by delivering the summons and complaint to the appropriate officer of the company. See, Fed. R. Civ. P. 4(e), (f), and (h). Kitsap Transit did sign and return the acknowledgment and thus, did not consent to the waiver of service.

However, service under Rule 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Direct Mail Specialists, Inc. v. Eclat

ORDER - 4

Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988).  In order for the sufficient notice exception to apply, there must be a justifiable excuse for the defect.  Daly-Murphy v. Winston, 837 F.2d 348, 355 n. 4. (9th Cir. 1987).  Vasquez's pro se status, alone, is not a justifiable excuse for the defect.  See Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992).  Further, unless there is "substantial compliance" with Rule 4, even actual notice will not provide personal jurisdiction.  Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982).  Vasquez's attempted service does not amount to substantial compliance.  Instead he used a process fundamentally different than that required by rule and against an entity expressly excluded from the waiver of service provisions.  A party is not permitted to create his own methods of compliance with the required service rules.  See, Mason v. Genisco Technology Corp., 960 F.2d 849, 853 (9th Cir. 1992)(rejecting plaintiff's attempt to create it's own method of compliance with the waiver of service rules by claiming service by mail, with did not follow the federal procedure of requiring an acknowledgment, was nonetheless sufficient service).

The claims against Kitsap Transit are subject to dismissal for lack of personal jurisdiction.

**CO-WORKER DEFENDANTS - SUPPLEMENTAL JURISDICTION**

The co-worker defendants Sellers, Higgins and Coleman move for dismissal on the grounds that (a) Kitsap Transit's dismissal will eliminate federal court jurisdiction, (b) there is a lack of common nucleus of operative facts among the state law claims and the Title VII claim to sustain supplemental jurisdiction, and (c) the claims against Sellers and Higgins are barred by the statute of limitations.

District courts shall have supplemental jurisdiction over all other claims that are so related to federal claims that they form part of the same case or controversy.  Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1174 (9th Cir. 2002); 28 U.S.C. § 1367(a).  Non-federal claims are part of the same case as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.  Finley v. United States,

ORDER - 5

490 U.S. 545, 549 (1989).  Supplemental jurisdiction cannot exist without original jurisdiction.  <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001).  This requirement that the supplemental state-law claims be dismissed where the district court had no underlying original jurisdiction must be distinguished from the district court's discretionary authority to retain jurisdiction over state-law claims where it has dismissed on the merits federal claims over which it did have original jurisdiction.  Pursuant to the supplemental jurisdiction statute, when a district court dismisses on the merits a federal claim over which it had original jurisdiction, it may then decline to exercise supplemental jurisdiction over the remaining state claims.  <u>Id</u>. at 806.

As previously addressed, this Court lacks jurisdiction over the federal claims due to a lack of personal jurisdiction over Kitsap Transit.  Accordingly, without the requisite underlying original jurisdiction, the supplemental state law tort claims against the co-workers must be dismissed.

An additional basis warranting dismissal of the state law claims against the co-workers is the failure to share a common nucleus of operative fact with the Title VII claims.  Vasquez's Title VII claim concerns an allegation of hostile working environment arising from a sexual harassment complaint made to supervisors.  This Title VII claim does not share common facts with the state law claims of assault and battery by the co-employees.  Thus, there is no basis for supplemental jurisdiction over the causes of action against the co-workers.  See, <u>Roberts v. Lakeview Comm. Hosp.</u>, 985 F. Supp. 0351, 1352 (M.D. Ala. 1997).

With respect to the claims against co-workers Sellers and Higgins, they are barred by state law statute of limitations.  In Washington, claims for assault and battery are subject to a two-year statute of limitations.  RCW 4.16.100.  Vasquez claims he was assaulted by Sellers and Higgins in June 2002.  His lawsuit was filed in June 2005.  Accordingly, the state law claims against Sellers and Higgins are time barred and subject to dismissal.

**ATU DEFENDANTS - SUPPLEMENTAL JURISDICTION**

The only claims against the ATU defendants are state law claims derived from the Unions's

ORDER - 6

alleged failure to assist Vasquez after the alleged assaults by his co-workers.  The ATU defendants are not named in the EEOC charge and none are alleged to have been involved in the Title VII action.  As previously discussed, district courts shall have supplemental jurisdiction over all other claims that are so related to federal claims that they form part of the same case or controversy. Trustees v. Desert Valley Landscape & Maintenance, Inc., 333 F.3d 923, 925 (9th Cir. 2003).  Non-federal claims are part of the same case as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.  Finley v. United States, 490 U.S. 545, 549 (1989).  Supplemental jurisdiction cannot exist without original jurisdiction.  Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).  This Court lacks original jurisdiction over the Title VII claim and thus, cannot maintain supplemental jurisdiction over the state law claims of breach of the duty of fair representation.

Further, it is apparent that the Title VII claims and the state law claims asserted against the ATU defendants do not share a common nucleus of operable fact.  Thus, it would be inappropriate for the Court to maintain supplemental jurisdiction over the state law claims.

Concerning the individual ATU defendants, Vasquez never served these individuals with summons and complaint.  A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.  Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).  Under Fed. R. Civ. P. 4(m) the district court must dismiss an action if the defendant is not served with copies of the summons and the complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made.  Vasquez has not attempted to show justification for lack of service.  Accordingly, the individual defendants are entitled to dismissal for lack of personal jurisdiction.

An additional basis for dismissal of the individual defendants is the Atkinson Rule.  This rule provides that individual union officers and shop stewards cannot be held personally liable for their

ORDER - 7

acts undertaken on behalf of the union. Peterson v. Kennedy, 771 F.2d 1244, 1256-57 (9th Cir. 1985). See also, Lindsey v. Municipality of Metropolitan Seattle, 49 Wn. App. 145, 148-49, 741 P.2d 575 (1987)(state adoption of federal labor law standards). Accordingly, the claims against the individual ATU defendants are subject to dismissal.

**CONCLUSION**

For the reasons set forth above, Defendants are entitled to dismissal of this action pursuant to Rule 12(b) and 12(h).

ACCORDINGLY,

IT IS ORDERED:

1. Kitsap Transit's Motion to Dismiss Plaintiff's Claims for insufficiency of service of process [Dkt. #41] is GRANTED, and the case dismissed as to this defendant.

2. Defendants Sellers, Higgins and Coleman's Motion to Dismiss for lack of supplemental jurisdiction and as to defendants Sellers and Higgins for being barred by statute of limitations [Dkt. # 40] is GRANTED, and the case dismissed as to these defendants.

3. ATU Defendants Motion to Dismiss for lack of supplemental jurisdiction, lack of personal jurisdiction over the individual ATU defendants and failure to state a claim against the individual ATU defendants [Dkt # 38] is GRANTED, and the case dismissed as to these defendants.

4. Plaintiff Vasquez's Agreement to Stipulated Voluntary Dismissal of ATU Defendants [Dkt #42] is stricken as MOOT.

DATED this 16th day of May, 2006.

FRANKLIN D. BURGESS

ORDER - 8

1                                           UNITED STATES DISTRICT JUDGE

ORDER - 9